Taylor, Judge.
 

 The garnishee’s counsel relies for the proof of payment on the time elapsed since this bond was payable, which was from the time of the date. The law allows a jury to presume that a bond has been satisfied, if twenty years have elapsed since it w a > payable ; but the time elapsed here is not to be considered like the t'.m elapsed under the act of limitations, which makes it a positive bar. In the case of the bond, lapse of time is only presumptive evidence of payment, and the presumption may be weakened, more or less, or totally overturned by circumstances inducing a contrary presumption, or accounting for the delay. One circumstance relied upon in the present case as encountering the presumption is, that the garnishee has not sworn in his garnishment that he paid the nionty mentioned in the bond, which is a fact he might have sworn to, if he could have done so. Another circumstance relied upon is, that the defendants adhered to the king of Gieat Britain in the late war, and removed themselves from America, and were not permitted to recover till long after the war was ended, not indeed until after the making of Mr. jay’s treaty. As to the first of these circumstances, it is certainly a very persuasive one for the purpose for which it was adduced, it is said that it would be to erect a court of Inquisition to decide that a garnishee could be called upon to say whether or not he had made payment, when, were he not a garnishee, but a principal defendant, the lapse of time would form for him a sufficient proof of payment. It is unjust, it is said, to compel him to give up this and to give evidence against himself: The answer is, that it would be really inquisitorial, if the defendant, who is compelled to say whether he executed a bond or not, could not be permitted to say that he had paid it j and how is the hardship greater to extort from
 
 *399
 
 Silm a confession of bis executing a bond, the execution whereof could not be otherwise proved than to extort iroramra an answer as to the payment.
 

 The second circumstance relied upon is of weight, as it accounts for the reason why the defendants did not sue for some time after the war, for the debts due to them in this country. — - Much has been said by one of the counsel (Mr. Browne) oi the ingratitude of those who were circumstanced as were the defendants, in withdrawing diemsclves irom this country in the hour of distress, and in becoming the most inveterate and implacable public enemi. s we had, ot the prolongation of the miseries of war, through their means, and of the devastations they committed through all parts of this country by fire and the sword.— Such arguments ought to have no
 
 weight;
 
 our courts are not created for the purpose of dealing out justice to one set of mea and of refusing it to others. It would be most impolitic if we should refuse to foreigners the same justice we administer to our own citizens ; for then the courts of foreign nations would ah.o refuse justice to our citizens. justice is represented as blind, becauae it sees no one, so as to distinguish him from others by its distributions. In this sense I trust the courts and juries of this country will continue to be blind, and that they will not perceive a difference between a foreigner and a native, a n-ussul-z».m and a Christian.
 

 Verdict that the hand is not paid.